458 So.2d 681 (1984)
In re Inquiry Concerning a Judge No. 83-167, Billy Gunn BROWN.
No. 55652.
Supreme Court of Mississippi.
August 29, 1984.
Rehearing Denied November 14, 1984.
Luther T. Brantley, III, Jackson, for Mississippi Com'n on Judicial Performance.
Robert D. Jones, Martin & Jones, Meridian, for respondent.
En Banc.
ROY NOBLE LEE, Presiding Justice, for the Court:
Mississippi Commission on Judicial Performance and the respondent, Justice Court Judge Billy Gunn Brown, have filed in this Court a motion praying the Court to accept findings of fact submitted by the Commission pursuant to a formal complaint filed with it on January 23, 1984, against the respondent. The Commission recommended that Justice Court Judge Brown be publicly reprimanded by this Court and fined the sum of fourteen hundred dollars ($1,400)[1] in order to prevent his undue enrichment, all in accordance with Section 177A of the Mississippi Constitution 1890. We accept the findings of fact and the recommendation of the Commission, but we apply an additional sanction.
We mean no criticism or disrespect to the Mississippi Commission on Judicial Performance. The members of the Commission have worked tirelessly and faithfully in discharging their duties and have rendered a fine service to the Bench and Bar. However, this Court has the final responsibility and duty in matters considered by the Commission.
In Re: Lloyd W. Anderson, 412 So.2d 743 (Miss. 1982), succinctly stated our duty as follows:
The power to impose sanctions is delegated solely to this Court; it therefore follows we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case. In so doing, we will accord careful consideration to the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses. [412 So.2d at 746].
The evidence, including the respondent's admissions, overwhelmingly supports the Commission's findings of fact and that the respondent from 1976 through 1983 converted to his own use money of civil litigants in his court aggregating twenty-one thousand nine hundred eighty-three dollars and thirty-two cents ($21,983.32) involving one hundred seventy (170) different cases. The Commission found such conduct to be willful misconduct in *682 office, conduct prejudicial to the administration of justice, and conduct which brought disrepute to the office. In our opinion, not only has that misconduct brought the office of Justice Court Judge, District 3, Lauderdale County, into disrepute, but has reflected upon every other Justice Court in the State and the entire judiciary.
Justice Court Judge William Anderson was fined and removed from office for misconduct which involved conversion of litigants' money in an aggregate amount not exceeding fifty dollars ($50.00). In Re: Inquiry Concerning Judge William Anderson, 451 So.2d 232 (Miss. 1984) [Not Yet Reported].
Justice Court Judge Lloyd W. Anderson was removed from office for charging traffic violators greater sums to be paid as fines than those reported by him to the county totalling two hundred fourteen dollars ($214.00). In Re: Lloyd W. Anderson, 412 So.2d 743 (Miss. 1982).
In Hannah v. State, 336 So.2d 1317 (Miss. 1976), Justice of the Peace Hannah was convicted of converting county property in the amount of eleven hundred seventy-six dollars fifty cents ($1,176.50) in his possession. The trial judge sentenced him to a term of seven (7) years in the state penitentiary and removed him from office, as the law required. In Donald v. State, 339 So.2d 1359 (Miss. 1976), a companion case, the same sentence and removal from office were imposed.
If continued in office as Justice Court Judge, District 3, Lauderdale County, Mississippi, the respondent will impose fines and jail sentences on persons guilty of misdemeanors (petty offenses). How ironic, when, over a period of seven (7) years, he has misappropriated $21,983.32 through that office. The misdemeanor offenses pale into insignificance when compared to his own!
The record shows by clear, convincing and overwhelming evidence that the respondent is guilty of misconduct which brought the office of Justice Court Judge in District 3, Lauderdale County, into disrepute. That office will remain in disrepute as long as respondent occupies it. In our opinion, the appropriate sanction for such conduct is, and should be, removal from office. Therefore, the respondent, Justice Court Judge Billy Gunn Brown, is fined the sum of $1,400.00, is publicly reprimanded by causing the findings of fact and recommendation of the Commission to be published in the Southern Reporter (2d Series), Mississippi Cases, and respondent Billy Gunn Brown is removed from the office of Justice Court Judge, District 3, Lauderdale County, Mississippi.
RESPONDENT BROWN FINED $1,400, REPRIMANDED, AND REMOVED FROM OFFICE.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
DAN M. LEE, J., dissents.

BEFORE THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE INQUIRY CONCERNING A JUDGE NO. 83-167

COMMISSION FINDINGS OF FACT AND RECOMMENDATIONS

Initiation of proceedings
The Formal Complaint against the Respondent was filed with the Commission on January 23, 1984; it was personally served upon the Respondent on January 24, 1984. The Respondent's Answer was filed with the Commission on March 15, 1984.

Hearing
On March 26, 1984, a formal hearing was held in accordance with the Rules of Mississippi Commission on Judicial Performance in Inquiry Concerning a Judge No. 83-167. The hearing was before a committee of the Commission, as provided by Rule 8C, consisting of William M. Bost, Jr., Presiding; James K. Dukes and Mrs. Elizabeth Powers. The Commission was represented by Luther T. Brantley, III of Jackson. The Respondent Judge, Billy Gunn Brown, Justice Court Judge District 3, Lauderdale *683 County, was represented by Robert D. Jones of Meridian.

Findings
The evidence adduced at the formal hearing having been considered, the Commission has found the following by clear and convincing evidence:

1.
The Respondent, from 1976 to 1983, commingled money received by virtue of his office as justice court judge as criminal fines due Lauderdale County and on behalf of civil litigants with his personal money in one bank account styled "Billy Gunn Brown, Justice Court Judge", which was account No. XXX-XXX-X at the Merchants and Farmers Bank of Meridian. Respondent utilized said account to receive and pay out funds held in trust and escrow on behalf of Lauderdale County and civil litigants, as well as to receive and pay out personal funds for personal expenses.

2.
As of approximately December 13, 1983, Respondent's official dockets reflected that he had collected in his official capacity as justice court judge the sum of approximately $21,983.32 on behalf of various civil litigants prior to December 13, 1983, which had not, as of said date, been remitted to the litigants. At that time, Respondent's bank record reflected an account balance of $321.51; Respondent's check memo book reflected an overdraft. Respondent did not have sufficient funds on account to refund said $21,983.32 collected on behalf of civil litigants. Respondent maintained throughout the Commission investigation and proceeding that he intended to repay each litigant the money collected on his behalf. The Commission finds that there were 170 different cases in which Respondent was holding funds belonging to litigants.

3.
In one civil action styled Max Chizk v. Norman Terry, Respondent collected the sum of $462.00 from Terry in his official capacity as justice court judge. The money was collected on July 11, 1983, and forwarded to the plaintiff on December 13, 1983. At no time was this action entered in Respondent's official docket as required by law; Respondent did not retain any court costs for processing this action.

4.
By engaging in the aforementioned conduct while holding the office of justice court judge, the Respondent violated Canons 1, 2A, 3A and 3B of the Code of Judicial Conduct, adopted by the Conference of Mississippi Judges on October 25, 1974. Canon 1 contains the following language, to-wit:
"An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective."
Canon 2, Paragraph A of said Code contains the following language to-wit:
"A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
Canon 3, Paragraph A of said Code contains the following language to-wit:
"A. Adjudicative Responsibilities
(1) A judge should be faithful to the law and maintain professional competence in it... .
(5) A judge should dispose promptly of the business of the court."
Furthermore, he has violated Canon 3B of said Code which contains the following language, to-wit:
"B. Administrative Responsibilities
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials."

*684 5.
In engaging in the course of conduct described hereinabove, the Respondent has violated the Canons of the Code of Judicial Conduct. Said conduct further constitutes willful misconduct in office, willful and persistent failure to perform his duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, all in violation of Section 177A of the Mississippi Constitution of 1890, as amended.

6.
In mitigation the Commission finds that Respondent has cooperated with the Commission throughout the investigation and hearing process and that subsequent to the hearing, Respondent met with Mr. Roy Rodman, the Commission investigator, and reported to Mr. Rodman as to how the aforementioned 170 cases were resolved. In summary, the resolution was as follows: Mr. Rodman reviewed 18 cases totalling $8,512.85 which had been paid and the cancelled checks were available for his inspection. There were 69 cases in which photocopies of checks had been made, said checks having been mailed to the litigants and totalling $8,658.36. In addition, there were some 43 other cases totalling $3,623.51 in which the Plaintiff had confirmed in writing as being paid. There were, therefore, 130 cases totalling $20,794.72 which had been satisfactorily resolved by the making of restitution or otherwise clearing up the question as to who is holding the funds. In an additional 23 cases totalling $1,216.74 the Judge had been in touch with the parties and made some arrangement to pay off the debt, or the debt had been previously paid and confirmation is being awaited or otherwise it was apparent from review of the records that in these cases there will be no enrichment to the Judge at the conclusion of the case. In the remaining 17 cases totalling $1,337.78, the Plaintiffs cannot be located and there is no way to return the money. With the exception of these matters, all of the cases in which the litigants' money has been held by Judge Brown have been resolved to the Commission's satisfaction.

Recommendation
The foregoing constitutes the Commission's findings by clear and convincing evidence that the conduct of Billy Gunn Brown constitutes willful misconduct in office, willful and persistent failure to perform his duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommends that the Respondent, Billy Gunn Brown, be publicly reprimanded by the Mississippi Supreme Court and further that he be fined the sum of $1,400.00 in order to prevent the undue enrichment of Judge Brown, all in accordance with Section 177A of the Mississippi Constitution. It is the feeling of the Commission that the conduct of Judge Brown was of such a severe and serious nature as to warrant removal from office. However, due to the fact that Judge Brown cooperated with the Commission and voluntarily made restitution insofar as he was able and further that since January 1, 1984, judges are no longer required to handle litigant's money, it is highly unlikely that Judge Brown or any other judge will repeat this offense. Nevertheless, there is $1,337.78 which he is unable to return and the amount of the fine is set with this fact in mind. The Commission would further state that its recommendation is made without prejudice to those 17 plaintiffs whose $1,337.78 remains unsettled. The offenses clearly warrant both a public reprimand and a fine.
 Respectfully submitted,
 MISSISSIPPI COMMISSION ON
 JUDICIAL PERFORMANCE
 /s/ Kenneth B. Robertson
 Kenneth B. Robertson, Chairman
Date: May 18, 1984
NOTES
[1] This amount was not reimbursed to civil litigants because their whereabouts were unknown.