490 So.2d 882 (1986)
In re Inquiry Concerning Judge James A. STEWART.
No. 56824.
Supreme Court of Mississippi.
June 4, 1986.
Luther T. Brantley, III, Jackson, for Mississippi Commission on Judicial Performance.
Charles G. Perkins, Perkins, Ferris & Flora, Macon, for James A. Stewart.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
This matter is before the Court on the recommendation of the Mississippi Commission on Judicial Performance that Judge James A. Stewart, Justice Court Judge for Noxubee County, Mississippi be removed from office. Stewart filed no brief to contest the recommendation of the commission, but respectfully requests that the Honorable Court, in rendering its decision, consider the mitigating circumstances in his behalf as shown by the record. This Court accepts the recommendation of the Commission and directs Stewart's removal.
On May 21, 1985, the commission filed a formal complaint against Stewart. The complaint alleged that Stewart, in his official capacity as justice court judge, received and collected criminal fines, penalties, costs and assessments on behalf of Noxubee County, Mississippi, beginning approximately March, 1984 through December, 1984. The respondent failed to report and pay all of said sums to Noxubee County as required by law, which amounted to a deficiency of $1,016.00. In count 1 the commission charged that Stewart had converted to his own use money which came into his hands by virtue of office as justice court judge and had failed to turn over or deliver the money when lawfully required to do so. In count 2 Stewart was accused of failing to keep accurate entries of each sum of public money received and had failed to remit to Noxubee County public money received in his capacity as justice court judge. Count 3 charged Stewart with violations of Canon 1, 2 A, 3 A(1), 3 A(5) and 3 B(1) of the Code of Judicial Conduct of Mississippi Judges. In count 4 Stewart was accused of violating § 177A of the Mississippi Constitution of 1890, as amended and that his conduct constituted willful misconduct in office, willful and persistent failure to perform the duties of the office, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
Stewart admitted the allegations contained in the commission's complaint but affirmatively stated that his misconduct resulted from his inexperience in handling and receiving money and his being naive and inexperienced in office, all of which led to his altering records to cover his mistakes. Stewart claimed he had no intention to act in a willful manner and convert said funds to his own use but he became totally confused and falsified court records to make his receipts match. Stewart further expressed remorse about the problems *883 which he caused and offered to make full and complete restitution as soon as called upon to do so. Stewart requested that he be allowed to remain in office and agrees to enter into a memorandum of understanding concerning any and all of his future conduct and to submit to any supervision required.
The Mississippi Commission on Judicial Performance found by clear and convincing evidence that the conduct of the respondent, Justice Court Judge James A. Stewart, constitutes willful misconduct in office, willful and persistent failure to perform his duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. It is the recommendation of the Commission On Judicial Performance that the Mississippi Supreme Court remove the respondent, James A. Stewart from office as a justice court judge of Noxubee County in accordance with § 177A of the Mississippi Constitution of 1890.

II.
The constitutional and statutory authority of the Commission on Judicial Performance has been outlined in the case of In re Removal of Lloyd W. Anderson, 412 So.2d 743 (Miss. 1982) as follows:
By concurrent resolution passed in 1979, the Legislature submitted to the people a proposed amendment to Article ok of the Mississippi Constitution of 1890 by adding Section 177A, which was ratified by the electorate November 6, 1979, and thereafter became a part of our State Constitution.
Section 177A directs the formation of a Commission on Judicial Performance of this State, ... [and] reads, in part, as
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
* * * * * *
The provisions of Section 177A have been implemented by legislative enactments providing for a commission on judicial performance, the terms of office of its members, authority as to procedures before it, and its administration. Miss. Laws, ch. 511 (1979); Miss. Laws, ch. 385 (1980) (codified at Mississippi Code Annotated § 9-19-1 et seq. (Supp. 1981)).
Mississippi Code Annotated section 9-19-17 provides:
A justice or judge removed by the supreme court or the seven-member tribunal is ineligible for judicial office... .
A Mississippi Commission on Judicial Performance was duly appointed and constituted. Pursuant to authority granted under Mississippi Code Annotated section 9-19-23 (Supp. 1981), the Commission adopted rules implementing the legislative enactment, including rules of practice and procedure before it, which were approved by order of this Court on July 9, 1980. The complete rules of the Commission are recorded in 385 So.2d at XXII-XXXV.
Rule 8D provides:
Facts requiring action of the Commission shall be established by clear and convincing evidence... .
Rule 8F provides:
The Commission recommendations to the Supreme Court for discipine [sic] may include removal from office, suspension, fine, public censure or reprimand, or retirement. In addition, the Commission may privately admonish a judge as provided by law... .
*884 The Commission on Judicial Performance found by clear and convincing evidence that respondent's conduct constitutes willful misconduct in office, willful and persistent failure to perform the duties of his office and conduct prejudicial to the administration of justice, which brings the judicial office into disrepute. In a second assignment the commission states that removal from office is the proper sanction for James A. Stewart.
Respondent's only excuse for his deplorable misconduct was ignorance  that he was inexperienced in handling money, became confused and spent public money for his personal expenses. Stewart realized what was happening, but rather than ask for an audit or seek outside help, Stewart admittedly falsified court records to cover his misconduct. He knowingly accepted money from fine violations, falsely entered a judgment of "dismissed" on the official court dockets and records, and retained the fine money for himself, allegedly to repay fine money he had converted earlier. The commission found that any defense of inexperience or confusion was ludicrous, as the respondent's conduct became clearly, convincingly and inescapably willful misconduct in office.
This Court's latest decision on such disciplinary sanctions, cited by the commission, states that ignorance and incompetence, not amounting to bad faith behavior in a manner prejudicial to the administration of justice, bring the judicial office into disrepute. In re [William] Anderson, 451 So.2d 232, 234 (Miss. 1984). See also In re Garner, 466 So.2d 884 (Miss. 1985).
The commission contends that by his further, intentional misconduct to falsify court records to cover his conversion of public money, the respondent's conduct fits within the classic definition of willful misconduct in office adopted by this Court in In re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982), citing In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977), as follows:
Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
412 So.2d at 45.
The commission charges that here, as in the Anderson case, the respondent "willfully and fraudulently" made false entries and this conduct is unquestionably willful misconduct in office.
The commission submits that in light of the previous decisions of this Court the appropriate sanction for the respondent's conduct is removal. In In re Brown, 458 So.2d 681 (Miss. 1984) Justice Court Judge Billy Gunn Brown was removed from office even though commission recommended he be publicly reprimanded and fined $1400.
This Court also enforced removal in the case of In re Anderson, 451 So.2d 232 (Miss. 1984), wherein Justice Court Judge William Anderson was fined and removed from office for misconduct involving conversions of litigants' money in an aggregate amount not exceeding $50.00. This Court likewise enforced removal of Justice Court Judge Lloyd Anderson for conversion of $214.00 in criminal fine money due Hancock County although Lloyd Anderson fully cooperated with the commission and repaid all money in question. In re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982). Further, this Court stated in In re Brown, supra:
The record shows by clear, convincing and overwhelming evidence that the respondent is guilty of misconduct which brought the office of justice court judge in District 3, Lauderdale County, into disrepute. That office will remain in disrepute *885 as long as respondent occupies it. In our opinion, the appropriate sanction for such conduct is, and should be, removal from office. 458 So.2d at 682.
The latest case requiring that respondent be removed from office is In re Garner, 466 So.2d 884 (Miss. 1985). Garner likewise cooperated fully with an audit investigator, admitted converting approximately $3,700.00 in public funds over a three or four year period. In that case this Court stated:
There can be no doubt that Garner's conduct, and the amount of funds misdirected thereby, are more than sufficient to warrant her removal. In Re Brown, 458 So.2d 681, 682 (Miss. 1984); In Re [William] Anderson, 451 So.2d 232, 233-234 (Miss. 1984); In Re [Lloyd] Anderson, 412 So.2d 743, 747-748 (Miss. 1982). These cases firmly establish the proposition that, if a justice court judge skims traffic ticket [sic] or other funds, he or she is to be removed from office. 466 So.2d at 886-887.
The court then added the following:
Official integrity of our Justice Court Judges is vitally important, for it is on that level that many citizens have their only experience with the judiciary. We may not tolerate misconduct or misfeasance on any ground, particularly not on grounds of ignorance or incompetence. 466 So.2d at 887.
After an independent examination of the facts of this case and the precedents previously established, this Court concurs in the finding of fact of the Commission on Judicial Performance that by clear and convincing evidence the respondent James A. Stewart was shown to have violated the duties imposed upon him by law and the Code of Judicial Conduct in the specific counts charged. The recommendation of removal from office as Justice Court Judge of the Northern District, Noxubee County is accepted and his removal ordered and directed.
REMOVAL OF JAMES A. STEWART AS JUSTICE COURT JUDGE OF THE NORTHERN DISTRICT, NOXUBEE COUNTY IS HEREBY ORDERED AND DIRECTED THIS DATE.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.