524 So.2d 553 (1987)
In re Inquiry Concerning County Court Judge Kelly COLLINS.
No. 57903.
Supreme Court of Mississippi.
November 25, 1987.
Rehearing Denied March 16, 1988.
On Rehearing April 13, 1988.
Dissenting Opinion April 14, 1988.
John Sharp Holmes, Yazoo City, Michael W. Ulmer, Watkins & Eager, Jackson, for petitioner.
Luther T. Brantley, III, Jackson, for respondent.
En Banc.
SULLIVAN, Justice, for the Court:
In accordance with Section 177A of the Mississippi Constitution (1890), this cause comes before this Court pursuant to the recommendation of the Mississippi Commission on Judicial Performance, that Judge Kelly Collins receive a public reprimand for conduct prejudicial to the administration of justice which brings the judicial office into disrepute. One commission member filed a dissent, calling for Collins' removal from office.
Kelly Collins is now, and at all times hereinafter mentioned was, a County Court Judge of Yazoo County, Mississippi. No other formal complaint of judicial misconduct has ever been filed against Collins by the Mississippi Commission on Judicial Performance (hereinafter the Commission). The record indicates however, that Judge Collins appeared before the Commission informally "about five, [or] five  and  a-half *554 years ago" for one of the same reasons for which this formal complaint was filed.
On June 9, 1986, the Commission filed a formal complaint against Judge Collins charging him with judicial misconduct constituting a violation of Section 177A of the Mississippi Constitution of 1890, as amended.
On July 21, 1986, Judge Collins filed an answer to the formal complaint, admitting certain parts, denying the remainder, and denying that his actions constituted judicial misconduct.
On November 14, 1986, a hearing was held before a committee of the Commission in this inquiry. At that time an Agreed Statement of Facts and Proposed Recommendation was submitted by Counsel for the Commission and Counsel for Judge Collins.
In the agreed statement Judge Collins admitted that he had directed the activities of prisoners housed in the Yazoo County Jail for both county purposes and for personal purposes and that he had previously appeared before the Commission informally about this activity. The personal work included running personal errands, performing minor repairs and maintenance on the judge's personal truck and tractor, and assisting the judge in the demolition of a house. The judge also admitted that misdemeanor cases were adjudicated in the county court without case files, docket entries or other records of filing or disposition, and that as judge he was responsible for the administration of the court. Judge Collins further admitted failure to report a DUI conviction as required by statute and that he fined certain defendants in excess of the statutory maximums.
It was also stated in the Agreed Statement that Judge Collins had cooperated fully with the Commission and that affirmative steps had been taken to ensure that the misconduct did not reoccur in the future.
It was thereafter the recommendation of both the counsel for the Commission and counsel for Judge Collins that the Commission recommend to the Mississippi Supreme Court a public reprimand of Judge Collins for conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
The Commission found, based upon the Agreed Statement of Fact and other evidence adduced at the hearing, by clear and convincing evidence that, Judge Collins had utilized prisoners for his own personal use, that he had failed to perform administrative functions in misdemeanor cases decided in his court, that said conduct violated the Code of Judicial Conduct of Mississippi Judges, and that it constituted conduct prejudicial to the administration of justice which brings the judicial office into disrepute. The Commission then recommended, by a vote of five to one, that Judge Collins be publicly reprimanded pursuant to Section 177A of the Mississippi Constitution of 1890, as Amended. One member filed a dissent, calling for Judge Collins' removal from office.
Aside from using county prisoners for personal and county work, Collins heard and decided more than 100 misdemeanor cases "off the record" for which there are no case files, docket entries, or other records of filing or disposition in the office of the circuit clerk, who also serves as Clerk of the County Court. The only records of these cases are receipts issued by the circuit clerk in the names of the various defendants without any reference or citation to a case number or docket entry.
Mississippi Code Annotated, Section 63-9-17 (Supp. 1986), provides in pertinent part:
(1) Every court shall keep a full record of the proceedings of every case in which a person is charged with any violation of law regulating the operation of vehicles on the highways, streets or roads of this state.
(2) Unless otherwise sooner required by law, within forty-five (45) days after the conviction of a person upon a charge of violating any law regulating the operation of vehicles on the highways, streets or roads of this state, every judge or clerk of the court in which such conviction *555 was had shall prepare and immediately forward to the Department of Public Safety an abstract of the record of said court covering the case in which said person was so convicted, which abstract must be certified by the person so authorized to prepare the same to be true and correct.
* * * * * *
(5) The failure by refusal or neglect of any such judicial officer to comply with any of the requirements of this section shall constitute misconduct in office and shall be grounds for removal therefrom. (Emphasis Added).
Although the clerk performs the physical act of record keeping, the judge is ultimately responsible for the administration of his court. In fact, the Commission found that Judge Collins no longer handles or hears any matter unless proper preliminary records have been made in the clerk's office and are presented to him at the time the case is called.
In the case of State of Mississippi v. Izear Roberts, General Docket No. 3, County Court of Yazoo County, Mississippi, page 3225, case No. 3225, on October 18, 1985, Roberts was found guilty under Mississippi Code Annotated, Section 63-11-30 (Supp. 1986), of the offense of D.U.I. (third offense), along with being found guilty of driving with a suspended license. According to the records of the Mississippi Department of Public Safety, no record of Roberts' conviction was forwarded to the Commissioner of Public Safety. Mississippi Code Annotated, Section 63-11-37 (Supp. 1986), provides in pertinent part:
(1) It shall be the duty of the trial judge, upon conviction of any person under Section 63-11-30, to mail a copy of the abstract of the court record within five (5) days to the Commissioner of Public Safety at Jackson, Mississippi... .
Judge Collins has no recollection of this case and no knowledge that a record of Roberts' conviction was forwarded to the Commissioner of Public Safety.
Finally, in at least three of the undocketed cases, the respondents were all fined for the offense of reckless driving, such fines all being in excess of the maximum statutory penalty of $100.00 for a first conviction of reckless driving. Mississippi Code Annotated, Section 63-3-1201 (Supp. 1986). None of the abovementioned defendants had a previous reckless driving conviction on their records. According to D.U.I. intoxilizer machine reports on file at the Yazoo City Police Department, the Yazoo County Sheriff's Office had issued tickets to each of the aforementioned defendants for a blood alcohol reading of .10 or greater immediately preceding respondents imposition of the reckless driving fines. There are no records of the disposition of the DUI charges. See Mississippi Code Annotated, Section 63-9-17 (Supp. 1986).
The Commission was correct in its finding that by engaging in this course of conduct Judge Collins had violated Canons 1, 2 A, 2 B, 3 A(1), 3 B(1), and 3 B(2) of the Code of Judicial Conduct of Mississippi Judges. The aforementioned Canons are as follows:
CANON 1
A Judge Should Uphold the Integrity and Independence of the Judiciary.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.
(A) A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
(B) A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment.

*556 He should not lend the prestige of his office to advance the private interest of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently.
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
(2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him.
For the aforementioned offenses the Commission recommends that Judge Collins be issued a public reprimand. Judge Collins has assured the Commission that he will familiarize himself with all statutory record keeping requirements and that he will fully comply with all such requirements in the future. As to the excessive fines being charged, Judge Collins avers that it was done in ignorance of the statutory requirements, and further that he received no personal profit or gain. Ignorance, however, is no excuse and surely, in the use of county prisoners, there was some personal gain on the Judge's behalf.
The Commission submits that the facts presented to this Court by this complaint are somewhat unique in that a Judge's private use of prisoners represents a case of first impression in the field of judicial discipline. Judge Collins' administrative deficiencies are not so unique, but again represent the first such case presented to this Court by the Commission. The Commission, based upon its findings of conduct prejudicial to the administration of justice which brings the judicial office into disrepute, as opposed to willful misconduct in office, has determined that a public reprimand is an appropriate sanction finding that this case is somewhat similar to the trilogy of check collecting cases filed by the Commission. In Re Odom, 444 So.2d 835 (Miss. 1984); In Re Lambert, 421 So.2d 1023 (Miss. 1982); and In Re Branan, 419 So.2d 145 (Miss. 1982). Each of these cases involves the use of the criminal process to collect civil debts and the Commission and this Court did not find willful conduct in office, therefore, a sanction less than removal was imposed  a public reprimand and a fine. This Court has ruled that ignorance is distinguishable from willful and fraudulent misconduct, however:
... that a judge may also, through negligence or ignorance, not amounting to bad faith behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions. (Emphasis added).
In Re Inquiry Concerning Garner, 466 So.2d 884, 887 (Miss. 1985), [citing In Re (William) Anderson, 451 So.2d 232, 234 (Miss. 1984)].
This Court, in judicial misconduct proceedings, is the trier of fact as a matter of law and as such gives great weight to the findings of the Commission but is not bound thereby. In Re Inquiry Concerning Garner, 466 So.2d 884 (Miss. 1985); In Re Brown, 458 So.2d 681 (Miss. 1984). "[T]his Court has the final responsibility and duty in matters considered by the Commission." Brown, 458 So.2d 681. Therefore, although the Commission recommended *557 that Judge Collins be publicly reprimanded by this Court in accordance with Section 177A of the Mississippi Constitution (1890), this Court may apply an additional sanction. Brown, 458 So.2d 681.
In Re Stewart, 490 So.2d 882 (Miss. 1986), concerned the removal of a justice court judge, wherein this Court warned:
Official integrity of our Justice Court Judges is vitally important, for it is on that level that many citizens have their only experience with the judiciary. We may not tolerate misconduct or misfeasance on any ground, particularly not on grounds of ignorance or incompetence. 466 So.2d at 887.
490 So.2d at 885.
The instant case concerns not a mere justice court judge but a county court judge who claims to be ignorant of both the law and procedure of administering his court.[1]
A county court judge, such as Kelly Collins, is charged with a higher degree of care and competence, since the duties of that office entail not only increased responsibility but a heightened knowledge of the law as well.[2]
Any county judge, circuit judge or chancellor who pleads ignorance as a defense to a violation of the Code of Judicial Conduct should do so with great care. Claim of ignorance of the duties of his office or negligence in carrying out those duties as a defense to judicial misconduct is tantamount to an admission by an accused judge that he does not possess the qualifications necessary to hold the office to which he has been elected.
We are constrained to agree with the dissent filed from the Commission's findings of fact and recommendation that for several years and in uncounted instances Judge Collins has used county prisoners and trusties as his personal cadre of laborers. That the prisoners were perhaps volunteers and their labor resulted in an advantage to the courthouse and the community does not diminish the impact of this distasteful and improper practice. The use by a judge of a prisoner to carry out personal labors on behalf of the judge is nothing more than involuntary servitude. These acts alone justify the removal of the offending judge from his office of public trust and responsibility.
The failure of Judge Collins to keep records and make reports of the proceedings before him as required by Mississippi Code Annotated, § 63-9-17 (1972), justifies his removal from office.[3]
Therefore, while we accept the Commission's finding of fact, we are of the opinion that the respondent should be removed from his office because of his demonstrated pattern of repeated misconduct, because of the gravity of the misconduct, and because the solemn enactment of our legislature mandates his removal from office.
JUDGE KELLY COLLINS IS HEREBY REMOVED FROM THE OFFICE OF COUNTY COURT JUDGE OF YAZOO COUNTY, MISSISSIPPI, EFFECTIVE IMMEDIATELY.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., and ANDERSON, J., not participating.

ON PETITION FOR REHEARING
ROY NOBLE LEE, Chief Justice, for the Court:
On the petition for rehearing, the petitioner Kelly Collins, argues two propositions, viz:

I.

THE COURT ERRED AS A MATTER OF LAW IN ORDERING THE REMOVAL *558 FROM OFFICE OF PETITIONER IN THE ABSENCE OF A RECOMMENDATION FROM THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE THAT PETITIONER BE SO PENALIZED.
II.

THE COURT ERRED IN ORDERING THE REMOVAL FROM OFFICE OF PETITIONER PRIOR TO REMANDING THIS CAUSE TO THE COMMISSION ON JUDICIAL PERFORMANCE FOR AN EVIDENTIARY HEARING.
The facts involving the petitioner are fully set out in the majority opinion and will not be repeated here. We do reiterate that the Mississippi Commission on Judicial Performance found, upon the stipulation of the parties, that petitioner's conduct constitutes violations of Canons 1, 2 and 3 of the Canons of the Code of Judicial Conduct of Mississippi Judges, and found by clear and convincing evidence that the conduct of petitioner constitutes conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890, as amended.

I.
The petitioner contends under Proposition I that the Mississippi Supreme Court is without authority to remove a judicial officer absent a recommendation for such removal from the Mississippi Commission on Judicial Performance.
The petition for rehearing challenges a point we had thought well settled and beyond further controversy. In Re Brown, 458 So.2d 681 (Miss. 1984), holds that, where the Commission on Judicial Performance recommends discipline of a judge short of removal from office, this Court has the constitutional authority and responsibility to review the matter independently and, if it feels such is required by law, to order the judge removed from office. Petitioner now says we have no authority to impose a sanction more severe than that recommended by the Commission.
Petitioner's argument is not just contrary to precedent, it is without foundation in reason. Petitioner would construe this state's legal scheme for judicial discipline in a wholly irrational manner. This Court concededly has complete authority to try the facts de novo. No one suggests we are bound by the Commission's findings. This is because in law this Court is the fact finder. Notwithstanding, on the matter of sanction, petitioner would tie this Court's hands and limit the Court to the Commission's recommendation. This is legal jargon, support for which may be found in no case and in only the most wooden reading of Section 177A of our Constitution.[1]
The pertinent part of Section 177A, Mississippi Constitution of 1890, as amended, follows:
On recommendation of the Commission on Judicial Performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this State for: . .. (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; ... or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
Section 177A and the majority of the text of Mississippi Code Annotated §§ 9-19-1 through 9-19-29 (1971), as amended, were originally enacted in 1979. The language was researched, drafted and proposed by the Mississippi Judicial Council. Section 177A and the above sections of the Code (§§ 9-19-1 through 9-19-29), were taken from the standards relating to judicial discipline and disability retirement as proposed by the American Bar Association's Joint Committee on Professional Discipline in 1977 and approved by the American Bar Association House of Delegates in February, *559 1978. Standard 7, Standards Relating to Judicial Discipline and Disability Retirement, provides, in part:
7.08 Determination of Facts. The Court should reach its own conclusion as to the facts found by the commission and as to the recommendation that discipline be imposed.
COMMENTARY
The Court should conduct an independent review of the facts found by the commission, its conclusion that the facts constitute a violation of the constitution, statute, ordinance, court rule or codes of judicial conduct, or professional responsibility, and its recommendation of a sanction to be imposed.
7.09 Review on the Record. The Court should make an independent evaluation of the findings and recommendations of the commission.
COMMENTARY
The Court's power and discretion are final and absolute, as in matters of attorney discipline.
The Court does not serve as an appellate court in this kind of case. The decision of the Court should be upon the record made before the commission.
7.11 Imposition of Discipline. If the Court determines that the imposition of discipline is appropriate, it may impose the sanction recommended by the commission or any other sanction it deems proper.
COMMENTARY
The Court determines the appropriate sanction to be imposed upon a judge. Deference should be shown to the recommendations of the commission, but the Court should not be bound by the recommendations. The Court's discretion is complete. It may impose a less severe ... or a more severe sanction ... than that recommended. [Citations omitted].
While the Commission recommended a reprimand for petitioner Kelly Collins, it is staunch and firm in its position that the Mississippi Supreme Court has the power to increase sanctions and remove a judicial officer from office. The Commission's brief states at page 3:
There is no doubt but that the drafters and supporters of the amendment which became Section 177A intended the Court to have the power and authority to increase the sanction recommended by the Commission, and that those voting for it had the exact same intention.
Rule 10(E), Rules of the Commission on Judicial Performance, further fortified the position that the Court has the power and authority to increase the sanction recommended by the Commission. Rule 10(E), drafted by the Commission and adopted by this Court, provides, in part:
E. Decisions. Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendations of the Commission. ...
While the Commission recommended removal of Lloyd W. Anderson from the office of Justice Court Judge, this Court said:
We believe the standard announced by the Supreme Court of California in Geiler v. Commission on Judicial Qualifications, 10 Cal.3d 270, 110 Cal. Rptr. 201 [204], 515 P.2d 1, 4 (1973), is the standard we should adopt in this State for review by the tribunal:
[S]ince the ultimate, dispositive decision to censure or remove a judge has been entrusted to this court, we conclude that in exercising that authority and in meeting our responsibility we must make our own, independent evaluation of the record evidence adduced below. After conducting a review we may then decide as a question of law whether certain conduct, which we may have found as a fact to have occurred, was "wilful misconduct in office" or "conduct prejudicial to the administration of justice that brings the judicial office into disrepute... ." Finally, it is to be our findings of fact and conclusions of law, upon which we *560 are to make our determination of the ultimate action to be taken, to wit, whether we should dismiss the proceedings or order the judge concerned censured or removed from office.

See also In re Haddad, 128 Ariz. 490, 627 P.2d 221 (1981); West Virginia Judicial Inquiry Commission v. Dostert [165 W. Va. 233], 271 S.E.2d 427 (W. Va. 1980); In re Jordan, 290 Or. 303, 622 P.2d 297 (1981); In re Cieminski, 270 N.W.2d 321 (N.D. 1978); In re Nowell [293 N.C. 235, 237 S.E.2d 246 (1977)], supra; In re Brown, 512 S.W.2d 317, 320 (Tex. 1974).
In Re Anderson, 412 So.2d 743, 746 (Miss. 1982).
In Anderson, the Court further said: "[t]he power to impose sanctions is delegated solely to this Court; it therefore follows we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case." 412 So.2d at 746. See also In Re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss. 1985); In Re Inquiry Concerning William Anderson, 451 So.2d 232, 234 (Miss. 1984); In Re Brown, 458 So.2d 681 (Miss. 1984); In Re Lloyd W. Anderson, supra, at 746.
In In Re Brown, supra, the Mississippi Commission on Judicial Performance recommended that Justice Court Judge Billy Gunn Brown be publicly reprimanded by the Mississippi Supreme Court and fined the sum of fourteen hundred dollars ($1,400), all in accordance with Section 177A of the Mississippi Constitution of 1890, as amended. This court accepted the findings of fact and applied an additional sanction of removal from office. The Court said:
We mean no criticism or disrespect to the Mississippi Commission on Judicial Performance. The members of the Commission have worked tirelessly and faithfully in discharging their duties and have rendered a fine service to the Bench and Bar. However, this Court has the final responsibility and duty in matters considered by the Commission.
* * * * * *
The record shows by clear, convincing and overwhelming evidence that the respondent is guilty of misconduct which brought the office of Justice Court Judge in District 3, Lauderdale County, into disrepute. That office will remain in disrepute as long as respondent occupies it. In our opinion, the appropriate sanction for such conduct is, and should be, removal from office.
458 So.2d at 681, 682.
It has been adjudicated and recognized that the Mississippi Commission on Judicial Performance does not have the authority to impose sanctions upon a judge, only to make recommendations. The Mississippi Supreme Court has the sole responsibility and authority to impose the sanctions. If such responsibility and authority were dependent upon the recommendations of the Commission, Section 177A of the Mississippi Constitution of 1890, as amended, and statutes and rules enacted pursuant thereto would be meaningless and would accomplish nothing in working toward proper judicial performance. We hold that, having acquired jurisdiction, the Mississippi Supreme Court has full jurisdiction to increase or diminish sanctions based upon its review of the record made before the Commission.

II.
Petitioner Collins next contends that this Court erred in ordering the removal from office of the petitioner prior to remanding the cause to the Commission for an evidentiary hearing. He relies upon the following portion of the Agreed Statement of Facts:
I.
This Agreed Statement of Facts is submitted in lieu of an evidentiary hearing on the facts as is provided by Rule 8 of the Rules of the Commission. The Commission and respondent reserve the right to a hearing before the Commission or a committee thereof for the purposes of *561 submission of this statement and to offer mitigating and other relevant circumstances to be considered by the Commission. If this proposed recommendation is not accepted by the Commission or the Mississippi Supreme Court, then the parties hereto request that this Agreed Statement of Facts and Proposed Recommendation be withdrawn, and the entire matter remanded for a full evidentiary hearing. [Emphasis added]
83 C.J.S. Stipulations § 25 (1954), sets forth the following general statement:
[A]n Agreed Statement of Facts on which the parties submit [a] case for trial is binding and conclusive on them, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, or the truth, competency or sufficiency of any admission contained in the Agreed Statement or to maintain a contention contrary to the Agreed Statement or be heard to claim that there are other facts that the Court may presume to exist, or to suggest, on appeal, that the facts were other than stipulated, or that any material fact was omitted.
The petitioner argues that this Court should give effect to the Agreed Statement of Facts and consider it binding only if the lesser and more desirable sanction is imposed. The specific language of the stipulation provides: "If this proposed recommendation is not accepted ..., then the parties hereto request that this Agreed Statement of Facts and Proposed Recommendation be withdrawn." This implies obviously that the parties understood, if the Court so chooses, it is not bound by such provision. The ultimate decision for such request is left to the sound discretion of the Court.
Petitioner further contends that these proceedings are by their very nature adversary proceedings in the nature of a quasi-criminal matter, and that he is entitled to no less procedural due process than one accused of a crime. In such situation, the present proceeding may be viewed in the light of plea bargaining in criminal matters. It is well established that plea bargaining between a defendant and the State is not binding upon the trial judge and, if the plea is voluntary, the judge accepting the plea is not bound by the bargain. He may impose such sentence as the voluntary plea and the offense, in his sound judgment, justify.
In Moore v. State, 394 So.2d 1336 (Miss. 1981), this Court held that a trial judge, who failed to follow a prosecutor's sentencing recommendation in ordering a more severe sentence, did not abuse his discretion in denying the defendant's right to withdraw his guilty plea, which the defendant alleged was induced by the prosecutor's promise to recommend a more lenient sentence.
The record here indicates that the Agreed Statement of Facts was knowingly and voluntarily entered into by the petitioner. The wording of the stipulation evidences petitioner's understanding that such a reservation was not necessarily binding upon this Court.
We are of the opinion that the petition for rehearing should be, and it is, denied.
PETITION FOR REHEARING DENIED.
PRATHER, ROBERTSON, SULLIVAN and ZUCCARO, JJ., concur.
GRIFFIN, J., dissents, joined by HAWKINS and DAN M. LEE, P.JJ., and ANDERSON, J.
HAWKINS, P.J., files separate dissenting opinion joined by DAN M. LEE, P.J., and GRIFFIN, J.
HAWKINS, Presiding Justice, dissenting:
I concur with Justice Griffin that Section 177A of the Constitution does not give this Court the authority to increase the sanction imposed upon a judicial officer beyond that of the commission.
In my view it is our duty to take a restrictive, rather than an expansive, view in interpreting this Section on a matter as *562 severe as sanctioning a duly-elected public official.
With this view I see no occasion to address the other issues.
DAN M. LEE, P.J., and GRIFFIN, J., join this opinion.
GRIFFIN, Justice, dissenting:
With deference, I respectfully dissent.
Historically, Mississippi Constitution, Art. 6, § 175 (1890) provided the exclusive method for a judge's removal: "All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law." See, also, McMullan v. State, 298 So.2d 708, 710 (Miss. 1974).
On November 6, 1979, the people of Mississippi ratified a new section to the constitution, providing an alternate method of punishment for judges, including removal, which reads in part:

On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character. (emphasis added)
Miss. Const., Art. 6, § 177A (1890).
By these terms, the people of Mississippi granted a narrow exception to the requirements of § 175: a commission on judicial performance can recommend removal, suspension, fine, public censure, or reprimand, which this Court can then accept or reject. Significantly, § 177A does not provide, or even suggest, that the people granted this Court the power to fashion its own punishment for members of the judiciary; rather, the people restricted this Court to the "recommendation of the commission," a condition precedent to our action and a limitation thereon.[1] Consequently, applying Rule 10 E[2] in the manner of the majority by increasing the punishment from public reprimand to removal from office, punishment not contemplated at the hearing, raises serious constitutional questions as to due process.
The majority quite properly notes that § 177A arose from a proposal of the American Bar Association's Joint Committee on Professional Discipline, entitled Model Rules for Judicial Discipline and Disability Retirement. Although the Model Rules provide that a state's supreme court "may accept, reject, or modify in whole or in part, the findings and recommendations of the commission," the framers of § 177A failed to include this language. Consequently, *563 the majority's reliance upon the Model Rules is misplaced.
In four instances, this Court has relied upon § 177A to remove a judge from office. In Re Inquiry Concerning Garner, 466 So.2d 884 (Miss. 1985); In Re Brown, 458 So.2d 681 (Miss. 1984); In Re [William] Anderson, 451 So.2d 232 (Miss. 1984); In Re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982). Yet, only in Brown did the Court remove a judge, where the commission had recommended lesser punishment.[3]
Importantly, in Brown, the Court failed to note any authority to act beyond the commission's recommendations, except to point out that the Court has "an obligation to conduct an independent inquiry of the record in order to make [its] final determination of the appropriate action to be taken in each case." Brown, 458 So.2d at 681, quoting Anderson, 412 So.2d at 746. Such language is entirely consistent with the Court's power to accept or reject the commission's recommendation, but does not provide this Court with the power to remove an elected member of the judiciary, absent a recommendation from the constitutionally mandated commission.
Black's Law Dictionary (5th ed. 1979) defines a condition precedent as a condition "which is to be performed before ... some act dependent thereon is performed." (emphasis added) In this case, the commission's recommendation serves as the condition precedent, which necessarily limits our response.
The majority finds this construction "wooden," citing several cases which involve attorney discipline; significantly, such cases do not even implicate § 177A, the touchstone of our inquiry. See, Miss. Code Ann. § 73-3-329 (Supp. 1987). Indeed, the only "wooden" construction here is that the majority "wouldn't" follow the simple meaning of plain words.[4]
The removal of an elected official by this Court places it at odds with the will of the people, who in the exercise of their right to vote, entrusted certain powers and duties with Judge Collins. Under such circumstances, we must strictly adhere to the provisions of § 177A.
The Constitution provides only that this Court may act upon the recommendation of the commission. For the Court to act beyond the recommendation, it must assume authority beyond the terms of § 177A.
In this case, the commission's findings relate to Judge Collins' use of trusties, his failure to maintain proper records, and his imposition of excessive fines. For example, the commission found that Judge Collins used trusties "to assist in maintaining and improving the courthouse property;" of course, the commission also found that the trusties volunteered, and that Judge Collins received no personal gain or profit from their labor.
Next, the commission found that trusties "routinely ran errands" for Judge Collins, though it also found that the trusties ran errands for "other courthouse personnel and patrons."
Similarly, the commission found that trusties performed minor repairs on Judge Collins' truck and tractor, noting, however, that these vehicles "were used for work done on the courthouse."
Finally, regarding trusties, the commission found that Judge Collins used trusties to tear down a building, in which he held salvage rights. Nevertheless, the commission also found that the trusties volunteered, receiving compensation for their labor, and that once demolished, the owners conveyed the property to the county, which could not have acquired the property while the building stood.[5]
*564 The commission next found that Judge Collins previously maintained inadequate records, in some cases consisting solely of a receipt from the circuit clerk. Yet, the commission noted that Judge Collins now properly maintains records for his court.
Lastly, after an exhaustive investigation, the commission found that during Judge Collins' eight and one-half years in office, the Mississippi Department of Public Safety had failed to receive notice of one DUI offense, State v. Roberts, No. 3225, which Miss. Code Ann. § 63-11-37 (Supp. 1987) required the trial judge to submit, and that Judge Collins fined three individuals in excess of the maximum for reckless driving. Significantly, though, the commission found that Judge Collins had received no personal gain from the excessive fines.
Before the commission, Luther T. Brantley, its counsel, stated,
[T]he case doesn't involve stealing money. The Commission investigator tried  worked pretty hard to determine whether there was any money missing with these traffic tickets or the misdemeanor cases being handled off the record. There was no evidence of any money being missing in that regard. So it is not a case involving, like I say for lack of a better phrase, stealing money, and even though a little late as regards the prisoners, corrective steps have been taken hopefully to insure that this misconduct will not recur in the future.
I went over the facts pretty carefully with Mr. Rodman, the Commission investigator. Roy spent a great deal of time and working effort on this particular complaint. I went over the facts with Roy. We went over any proposed sanctions or recommendations with Roy. Like I said, he interviewed an awful lot of witnesses, including the prison  the jail inmate witnesses, former inmates who had participated in the complaint and that sort of thing. Roy is satisfied that this particular sanction would be appropriate under all the facts and circumstances. There are not any reported disciplinary cases from other jurisdictions that would be closely analogous to this particular complaint as regards the prisoners. I looked pretty diligently for that, and there just don't seem to be any cases of that nature anywhere else across the country. As far as the administrative deficiencies and the misconduct associated with that a public reprimand would seem to be fairly consistent with that type of conduct in say looking at the other cases from across the country. So I think with all the factors being considered, this is a fairly just and reasonable sanction in resolution for this particular complaint, and that would be my summary of it at this point.
Obviously, these instances of misconduct merited the commission's recommendation of a public reprimand, and our acceptance of the recommendation pursuant to § 177A. Certainly, they do not merit our disturbance of the commission's refusal to remove Judge Collins from office. Indeed, in every other case where we have removed a member of the judiciary under § 177A, the judge has used his office for personal benefit, converting public funds for his own use. There is no such evidence here.
Again and finally, I repeat that the language of the Constitution clearly provides that this Court only has the power of removal after a recommendation to that effect by the commission. We are the court of last resort for the accused and he may look to us to correct oppressive conduct of the commission. The Constitution provides that we may do certain things after a commission's recommendation, we are not required to do so, but certainly ordinary, everyday interpretation of the King's English tells us that we cannot increase punishment. The commission is created by the Constitution; however, our treatment today of the commission's findings is the same that we would give to a master, or a hearing officer appointed by the Court itself. A constitutional commission should be afforded greater respect than we have shown here. With deference but candor, the majority construction of the function of the commission is "rubberized."
The commission and Judge Collins agreed to the submission of a statement of *565 facts, asking this Court to remand for an evidentiary hearing should it not accept the commission's recommendation. Since the Court has now rejected the recommendation, finding the punishment inadequate, it should remand for a full hearing.[6] This was contemplated by the parties and is in accord with § 177A. I, though, would accept the recommendation.
HAWKINS and DAN M. LEE, P.JJ., and ANDERSON, J., concur.
NOTES
[1] The recent cases in which this Court has ordered removal all concern Justice Court Judges. See In Re Stewart, supra; In Re Inquiry Concerning Garner, supra; and In Re Brown, 458 So.2d 681 (Miss. 1984).
[2] A county court judge is required to possess all the qualifications of a circuit court judge as prescribed by the Mississippi Constitution. Mississippi Code Annotated, § 9-9-5 (Supp. 1986).
[3] Mississippi Code Annotated, § 63-9-17(5) (Supp. 1986).
[1] By way of analogy, there are a number of cases where in bar disciplinary matters we have ordered disbarment even though the tribunal did not recommend such. See Brumfield v. Mississippi State Bar Ass'n, 497 So.2d 800 (Miss. 1986); Mississippi State Bar Ass'n v. Strickland, 492 So.2d 567 (Miss. 1986); Myers v. Mississippi State Bar, 480 So.2d 1080 (Miss. 1985); Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss. 1980).
[1] Sec. 177A also states,

"A recommendation of the commission on judicial performance for the censure, removal or retirement of a justice of the supreme court shall be determined by a tribunal of seven (7) judges selected by lot from a list consisting of all the circuit and chancery judges at a public drawing by the secretary of state. The vote of the tribunal to censure, remove or retire a justice of the supreme court shall be by secret ballot and only upon two-thirds (2/3) vote of the tribunal."
Therefore, consistent with the majority's opinion, a tribunal of judges drawn from the state's inferior courts, could remove a member of this Court, regardless of the commission's recommendation.
[2] Rule 10 E reads,

Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations. (emphasis added)
[3] In three other cases, this Court modified the commission's recommendations: Anderson, 451 So.2d at 234 (accept removal, lessen fine from $2,000 to $500 plus costs); Anderson, 447 So.2d 1275, 1277 (Miss. 1984) (accept reprimand, reject $100 fine); In Re Branan, 419 So.2d 145, 146 (Miss. 1982) (accept reprimand and $1,000 fine, reject restitution as not contemplated by § 177A).
[4] Yet, if in fact "wooden," I am confident that it is like the cedars of Lebanon, which King Solomon chose for the temple. 1 Kings 5:6.
[5] The house had been declared to be a part of the historical district, and could not be destroyed by the grantee of the owner at the time of the declaration.
[6] In the commission's response to the petition for rehearing, Brantley states that the commission would "respect and support" a remand for an evidentiary hearing.