RANDOLPH, Justice,
concurring in part and in result:
¶ 33. I concur in part and result with the plurality.
¶ 34. The plurality properly struck portions of the briefs of both Judge Smith and the Commission[27] as “impermissible at *897 tempt[s] to supplement the record” of proceedings of the Commission. (Plur. Op. at ¶ 7). I supplement the Plurality’s holding by adding that neither the Commission nor a judge can enter “an understanding” to present additional facts, mitigating or otherwise, separate and apart from the record below. (Plur. Op. at ¶ 6). This Court previously has stated that:
an Agreed Statement of Facts on which the parties submit [a] case for trial is binding and conclusive on them, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, or the truth, competency or sufficiency of any admission contained in the Agreed Statement or to maintain a contention contrary to the Agreed Statement or be heard to claim that there are other facts that the Court may presume to exist, or to suggest, on appeal, that the facts were other than stipulated, or that any material fact was omitted.
In re Collins, 524 So.2d 553, 561 (Miss. 1988) (on rehearing) (quoting 83 C.J.S. Stipulations § 25 (1954)). “Alleged facts,” which are not agreed upon or tested by cross-examination, should not be considered facts at all.
¶ 35. Regarding the conflicting opinions on the standard of review, it is clear (and has been for at least a century or two, or longer) that a court may consider agreed-upon facts, i.e., stipulations. I find no fault in the plurality accepting them as true here,[28] for an “independent inquiry of the record”[29] reveals the Agreed Statement of Facts. Accordingly, for purposes of this case, the disagreement appears to be much ado about nothing, a distinction without a practical difference.
¶ 36. Finally, I reject the plurality’s finding that Judge Smith’s acts involved “moral turpitude.” (Plur. Op. at ¶ 24). A finding of moral turpitude “must involve some immorality” and must cross the line “from simple negligence or mistake, to willful conduct which takes advantage of a judge’s position for greed or other inappropriate motives.” Miss. Comm’n on Judicial Performance v. Vess, 10 So.3d 486, 493 (Miss.2009) (quoting Miss. Comm’n on Judicial Performance v. Gordon, 955 So.2d 300, 305 (Miss.2007)); Miss. Comm’n on Judicial Performance v. Roberts, 952 So.2d 934, 942 (Miss.2007) (emphasis added). I discern no evidence of deceit, fraud, extortion, trickery, monetary gain or any other indicia of conduct which involves Judge Smith using his position “for greed or other inappropriate motives!,]” so as to support a finding of moral turpitude. Vess, 10 So.3d at 493 (quoting Gordon, 955 So.2d at 305). But the absence of moral turpitude does not alter my agreement with the plurality’s recommended sanction.
¶ 37. For these reasons, I respectfully concur in part and in result.
LAMAR, J„ JOINS THIS OPINION. KITCHENS AND CHANDLER, JJ„ JOIN THIS OPINION IN PART.

. This includes, i.e., Judge Smith’s “factual allegations and assertions that disputed portions of the Agreed Statement and Joint Motion” and the Commission's discussion of *897 "prior informal actions taken against” Judge Smith. (Plur. Op. at ¶ 6).

. (Plur. Op. at ¶ 8).

. (Carlson Op. at ¶31); (Kitchens Op. at ¶ 38).