ON MOTION FOR REHEARING

DICKINSON, Justice,
for the Court.
¶ 1. The joint motion for rehearing is granted. The order previously entered by this Court on February 28, 2008, is dis *729 missed and these opinions are substituted therefor.
¶ 2. This is a formal complaint of judicial misconduct against Judy Case Martin, formerly Justice Court Judge for Post One, Lincoln County, Mississippi. The issue presented is whether this Court must dismiss its previous order of interim suspension pursuant to a memorandum of understanding between Judge Martin and the Commission on Judicial Performance.
BACKGROUND FACTS AND PROCEEDINGS
¶ 3. On September 18, 2007, the Commission filed a Formal Complaint against Judge Judy Case Martin, alleging in Count One that Judge Martin “violated Canons 1, 2A, 3B(2), 3B(5), 3B(7) and 3B(8) of the Code of Judicial Conduct of Mississippi Judges.” Specifically, Count One alleges:
On or about April 3, 2007, in apparent association with an on-going domestic dispute, the Respondent issued a warrant for the arrest of Steve Harzog for the offense of “contempt of Court” and further ordered that Harzog be held without bond. The record is void of probable cause by affidavit, or otherwise, as a basis for the issuance of said warrant.
¶ 4. Counts Two, Three, Four, and Five[1] of the Commission’s Formal Complaint were based on conduct related to the arrest warrant. These Counts included various allegations of misconduct against Judge Martin, including (1) refusing to set a bond for Harzog unless he agreed to allow Judge Martin to hear several cases pending against Harzog, all of which had been assigned to another judge; and (2) “admonishing] and derid[ing] Harzog’s attorney for his failure to have Harzog testify so that [she] ‘could hear [his] voice.’ ” In addition to its Formal Complaint filed with this Court, the Commission petitioned this Court for an order of interim suspension, pending the Commission’s continuing investigation into the matter.
¶ 5. On October 16, 2007, the Commission petitioned this Court to allow it to withdraw the petition for interim suspension. The Commission stated, “Since the filing of the petition, counsel for the Commission and the Respondent have entered into an agreement whereby the issues have been resolved in a manner satisfactory to all parties.” Finding insufficient the basis stated for the Commission’s motion to withdraw its petition for interim suspension, this Court, by order dated November 29, 2007, denied the motion and, by order dated February 28, 2008, ordered the interim suspension of Judge Martin.
¶ 6. Thereafter, the Commission and Judge Martin filed a joint motion, asking this Court to reconsider its previous order denying the motion to withdraw the petition for interim suspension. The basis for the motion for reconsideration was that, on October 12, 2008, the Commission and Judge Martin had entered a “memorandum of understanding” which settled the matter.
ANALYSIS
¶ 7. In 1979, the people of Mississippi created, by constitutional amendment, the Mississippi Commission on Judicial Performance. Miss. Const. art. 6, § 177A. As a constitutionally-created body, its substantive[2] duties and powers are set and limited by constitutional provision, and *730 may be diminished or expanded only by constitutional amendment. Section 177A provides in relevant part:
On Recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const. art. 6, § 177A.
¶ 8. Pursuant to this provision, the Commission has jurisdiction over six categories of complaints[3] against a judge: (1) actual conviction of a felony in a court other than a court of the State of Mississippi; (2) willful misconduct in office; (3) willful and persistent failure to perform his duties; (4) habitual intemperance in the use of alcohol or other drugs; or (5) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and (6) physical or mental disability seriously interfering with the performance of [the judge’s or justice’s] duties, which disability is or is likely to become of a permanent character. Id.
¶ 9. In cases in which the Commission finds one or more violations within the five categories of misconduct actionable under Section 177A, the Commission’s recommendations to this Court for punishment are limited by the following constitutional provision:
On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for....
Id. The constitution grants the Commission no direct authority or power to order punishment. Nor does it authorize the Commission to enter into a settlement agreement or memorandum of understanding which bypasses its constitutional mandate to make recommendations for punishment to this Court. That said, the Commission is certainly free to agree to recommend to this Court approval of a memorandum of understanding which is supported by the facts.
¶ 10. In the case before us today, we are told by the Commission that “counsel for the Commission and the respondent have entered into an agreement whereby the issues have been resolved in a manner satisfactory to all parties.” We are further told that the Commission and Judge Martin entered into a Memorandum of Understanding which “the Commission accepted by unanimous decision.” We find and hold today that, where the Commission finds judicial misconduct within one of the five categories under Section 177A, failure to report such findings to this Court, and disposal of the violation by agreement, settlement, or memorandum of understanding between the respondent and the Commission, are beyond the Commission’s constitutional authority.
¶ 11. The fault for the Commission’s unauthorized settlement and memorandum *731 of understanding in this case does not lie with the Commission, but rather with the lack of clarity in the language of Rule 6B of the Rules of the Mississippi Commission on Judicial Performance, which provides:
B. Disposition. The Commission shall dispose of the case in one (1) of the following ways:
(1) If it finds that there has been no misconduct the case shall be dismissed.
(2) If it finds that there has been misconduct for which a private admonishment constitutes adequate discipline, it shall issue the admonishment. The complainant shall be notified that the matter has been resolved. The Commission shall notify the Chief Justice of the Supreme Court of its action.
(3) The commission may enter into a memorandum of understanding with the judge concerning his future conduct or submission to professional treatment or counseling.
(4) If it is determined that probable cause exists to require a formal hearing, it shall so notify the judge by service of a notice and a formal complaint.
Miss. R. Judicial Performance 6(B). Since Section 177A provides the Commission no authority to administer punishment through a memorandum of understanding, this Court is in the process of amending Rule 6(B). This Court has always guarded its ultimate and inherent authority to decide issues concerning judicial misconduct, including appropriate sanctions, whereas the Commission has the significant role of making recommendations on which we greatly rely. See Miss. Comm’n on Judicial Performance v. A Mun. Court Judge, 755 So.2d 1062, 1063 (Miss.2000).
¶ 12. On the other hand, Section 177A clearly imposes upon this Court the duty, responsibility, and authority (after considering the recommendation of the Commission) to determine and impose punishment on “any justice or judge of this state” who this Court finds has committed one of the enumerated offenses. That duty and authority is no more delegable than this Court’s duty to hear appeals from our trial courts. Stated differently, the only offenses for which a judge may be punished, and the only punishments which may be ordered, are those enumerated in Section 177A, and it is within the exclusive duty and authority of the Supreme Court to determine and order the appropriate punishments.
¶ 13. Thus, in the case before us, we do not view the Commission’s memorandum of understanding as requiring us to dismiss our previous order of interim suspension. However, we do take into consideration the contents of the memorandum of understanding in reaching this result. In so doing, and because Judge Martin has resigned her office, we find the order of interim suspension should be, and hereby is, dismissed as moot.
¶ 14. DISMISSED.
WALLER, P.J., EASLEY, CARLSON AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON AND DICKINSON, JJ. SMITH, C.J., AND DIAZ, P.J., NOT PARTICIPATING.

. Only Count Five of the Commission’s Formal Complaint alleges one of the five constitutional violations which fall within the Commission’s jurisdiction, as discussed below.

. As an integral part of the judicial branch of government, the Supreme Court sets the procedural rules governing the Commission.

. Of the six categories, the first five involve complaints of misconduct, and the sixth involves a judge’s inability to perform the duties of office because of physical or mental disability-