DICKINSON, Justice,
dissenting:
¶ 30. Although the action taken by the majority is appealing, I simply cannot join *761 in a fiction that purports to remove from office a judge who has already resigned. I find no legal or logical purpose in doing so, other than for this Court to make a public statement through its published opinion that it does not approve of Bobby De-Laughter’s conduct. To be sure, I do not approve of his conduct and, for the sake of absolute clarity, I would vote to remove him — if he were still in office. But he is not.
¶ 31. The majority is correct that this Court is limited only by the Constitution as to available punishment for a judge, that is, we have authority to order punishment more severe than that recommended by the Mississippi Commission on Judicial Performance, so long as the punishment we order is listed in Section 177A of the Constitution. However, Chief Justice Waller is correct in his view that the Constitution — by the specific language cited in his dissent — requires us to wait until the Commission recommends some punishment before we can act.[10] In the case before us today, the Commission has recommended nothing which, in my judgment, reflects its understanding that a judge who has already resigned from office cannot be removed from office.
¶ 32. In Mississippi Commission on Jiidicial Performance v. Martin, 995 So.2d 727 (Miss.2008), this Court entered an order of interim suspension, as requested by the Commission on Judicial Performance. After Judge Martin resigned from office, we did not remove her from office, but rather disposed of the case by stating: “Because Judge Martin has resigned her office, we find the order of interim suspension should be, and hereby is, moot.” Id. at 731.
¶ 33. For the reasons stated, I dissent from the majority and join, in part, Chief Justice Waller’s dissent.
WALLER, C.J., JOINS THIS OPINION IN PART.

. As we stated in Mississippi Commission on Judicial Peiformance v. Martin, 995 So.2d 727, 731 (Miss.2008), "Section 177A clearly imposes upon this Court the duty, responsibility, and authority (after considering the recommendation of the Commission) to determine and impose punishment....”