WALLER, Chief Justice,
dissenting:
¶ 16. I concur in the majority’s conclusion that the Commission on Judicial Performance is absolutely without constitutional authority to dispose of a judicial-performance complaint by agreement between the respondent and the Commission. See Maj. Op. at ¶ 4 (citing Miss. Comm’n on Judicial Performance v. Martin, 995 So.2d 727 (Miss.2008)) (holding that “[t]he constitution ... does [not] authorize the Commission to enter into a settlement agreement or memorandum of understanding which bypasses its constitutional mandate to make recommendations for punishment to this Court”). However, I must respectfully dissent from the majority’s decision to remove DeLaughter from the office of Circuit Court Judge of Hinds County in this proceeding. This Court does not have the authority, pursuant to the Mississippi Constitution or otherwise, to remove DeLaughter permanently from office at this time.
¶ 17. It is undisputed that DeLaughter pleaded guilty to “obstructing, influencing and impeding an official federal corruption investigation and grand jury proceeding....” Based on his plea agreement, DeLaughter has resigned from office. The federal court has accepted DeLaughter’s guilty plea, and DeLaughter has been convicted of a felony.[4] The Commission asserts that, “[i]n exchange for the dismissal of the underlying Formal Complaints pending before the Commission, [DeLaughter] [has agreed] that he will not seek judicial office or otherwise serve in any judicial capacity at any time in the future.” Thus, the Commission seeks, in this proceeding, that this Court dismiss DeLaughter’s interim suspension. Because we have held today that the Commission is without authority to enter into such an agreement, neither party to the agreement is bound by its contractual obligations, and DeLaughter’s promise never *757 to seek judicial office in the future is of no effect. Hence, the majority seeks in this proceeding, sua sponte, to remove De-Laughter permanently from office as circuit court judge.
¶ 18. However, notwithstanding De-Laughter’s felony conviction, this Court does not have the constitutional authority to do so at this time. As the majority states, Section 177A of the Mississippi Constitution provides that:
On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const, art. 6, § 177A (emphasis added). Hence, before this Court may take disciplinary action against a judge pursuant to Section 177A, we must receive a “recommendation of the commission on judicial performance” for some type of sanction, which may be that we “remove from office, suspend, fine or publicly censure or reprimand” the judge. Id.
¶ 19. Here, the Commission has not submitted to this Court any recommendation for disciplinary action against De-Laughter. Pursuant to Section 177A, therefore, we do not have the authority to remove DeLaughter from office as circuit judge at this time.[5]
¶ 20. That is not to say that this Court must follow the Commission’s recommendation to the letter, if such a recommendation is made. See Miss. Comm’n on Judicial Performance v. Thompson, 972 So.2d 582 (Miss.2008).[6] We have recognized previously that “where the Commission on Judicial Performance recommends discipline of a judge short of removal from office, this Court has the constitutional authority and responsibility to review the matter independently and, if it feels such is required by law, to order the judge removed from office.” In re Collins, 524 So.2d 553, 558 (Miss.1987) (citing In Re Brown, 458 So.2d 681 (Miss.1984)) (emphasis added). We went on to explain that:
It has been adjudicated and recognized that the Mississippi Commission on Judicial Performance does not have the *758 authority to impose sanctions upon a judge, only to make recommendations. The Mississippi Supreme Court has the sole responsibility and authority to impose the sanctions. If such responsibility and authority were dependent upon the recommendations of the Commission, Section 177A of the Mississippi Constitution of 1890, as amended, and statutes and rules enacted pursuant thereto would be meaningless and would accomplish nothing in working toward proper judicial performance. We hold that, having acquired jurisdiction, the Mississippi Supreme Court has full jurisdiction to increase or diminish sanctions based upon its review of the record made before the Commission.
Id. at 560. Hence, we may exercise our independent judgment and remove a judge from office even if the Commission recommends lesser sanctions.
¶ 21. However, in the instant case, the Commission has made no recommendation for sanctions whatsoever.[7] It seeks only to have DeLaughter’s interim suspension dismissed — which is no sanction at all— pursuant to an agreement which we already have held the Commission was without constitutional authority to enter into. Hence, we are not empowered to remove DeLaughter, on our own motion, at this time.
1122. The majority also cites Mississippi Code Section 25-5-1 for the proposition that this Court may remove any public officer convicted of a felony in this State. See Maj. Op. at ¶ 5 (citing Miss.Code Ann. § 25-5-1 (Rev.2006)). However, Section 25-5-1 confers no such power upon this Court under the circumstances of this case. Specifically, Section 25-5-1 provides that:
If any public officer, state, district, county or municipal, shall be convicted or enter a plea of guilty or nolo contendere in any court of this state or any other state or in any federal court of any felony other than manslaughter or any violation of the United States Internal Revenue Code, of corruption in office or peculation therein, or of gambling or dealing in futures with money coming to his hands by virtue of his office, any court of this state, in addition lo stick other 'punishment as may be prescribed, shall adjudge the defendant removed from office; and the office of the defendant shall thereby become vacant. If any such officer be found by inquest to be of unsound mind during the term for which he was elected or appointed, or shall be removed from office by the judgment of a court of competent jurisdiction or otherwise lawfully, his office shall thereby be vacated; and in any such case the vacancy shall be filled as provided by law.
When any such officer is found guilty of a crime which is a felony under the laws of this state or which is punishable by imprisonment for one (1) year or more, other than manslaughter or any violation of the United States Internal Revenue Code, in a federal court or a court of competent jurisdiction of any other state, the Attorney General of the State of Mississippi shall promptly enter a motion for removal from office in the circuit court of Hinds County in the case of a state officer, and in the circuit court of the county of residence in the case of a district, county or municipal officer. *759 The court, or the judge in vacation, shall, upon notice and a proper hearing, issue an order removing such person from office and the vacancy shall be filled as provided by law.
Miss.Code Ann. § 25-5-1 (Rev.2006) (emphasis added).
¶ 23. Circuit court judges are constitutional officers. Miss. Const, art. 6, § 153. They are elected by the people for fixed terms of office. Id. By Section 177A of the Constitution, they may be removed from office when convicted of a felony, upon recommendation by the Commission. It may be true that the constitutional methods of removing some public officers are “put in operation and made more effective” by statute. See Ex parte Lehman, 60 Miss. 967, 1883 WL 3942, *3 (1883) (explaining that the method of removing circuit clerks pursuant to article 6, section 26 of the Constitution of 1868 is put into operation and made more effective by Section 417 of the Code of 1880). However, regarding this Court’s authority to remove an elected judge from office, Section 177A’s removal procedure is the exclusive method by which this Court may do so. And as already discussed, we may not remove DeLaughter pursuant to Section 177A in the absence of a request for sanctions by the Commission.
¶ 24. Furthermore, even if Section 25-5-1 could override the requirements of Section 177A, this Court may not remove DeLaughter pursuant to Section 25-5-1 anyway. The first paragraph of Section 25-5-1 applies to a public officer who “shall be convicted or enter a plea of guilty or nolo contendere ... of any felony[,]” whereas the second paragraph applies to a public officer who “is found guilty of a crime which is a felony[.]” Miss.Code Ann. § 25-5-1 (Rev.2006) (emphasis added). These two provisions provide in clear terms that the procedure for removal of a public officer who pleads guilty to a felony is different from the procedure for removal of an officer who goes to trial and is found guilty by a jury.
¶ 25. However, both procedures must be accompanied by the required due-process protections. Specifically, a public officer who is “found guilty” by a jury may not be removed from office unless the Attorney General files a motion for removal in the appropriate court, that court gives notice and holds a proper hearing on the motion, and then the court “issue[s] an order removing such person from office.” Miss.Code Ann. § 25-5-1 (Rev.2006). These due-process requirements, contained in Section 25-5-1’s second paragraph, are necessary to protect such a public officer from the unconstitutional deprivation of the property right embodied in his or her official position.
¶ 26. At first glance, however, it appears from the first paragraph of Section 25-5-1 that no such procedural, due-process protections are afforded to a public officer who enters a plea of guilty or nolo contendere to a felony. Miss.Code Ann. § 25-5-1 (Rev.2006). In fact, the statute states that, when such an officer pleads guilty, “any court of this state ... shall adjudge the defendant removed from office..” Id. (emphasis added). However, the phrase “any court of this state” is not as broad as it seems. That language appears once before in the statute, when it refers to “any public officer, state, district, county or municipal” who “shall be convicted or enter a plea of guilty or nolo conten-dere in any court of this state .... ” Miss. Code Ann. § 25-5-1 (Rev.2006) (emphasis added). Hence, as it does in the first instance, I interpret the second use of the phrase, “any court of this state,” to refer to the court by which the officer actually is convicted. In other words, when a public officer enters a plea of guilty or nolo con- *760 tendere to a felony in “any court of this state,” that court “shall adjudge the defendant removed from office.” Id.[8]
¶ 27. This interpretation of Section 25-5-1 renders the statute constitutional because, pursuant to the felony proceedings in that court, the defendant necessarily has been afforded his or her constitutional due-process protections. Section 25-5-1 puts the public officer on notice that, “in addition to such other punishment as may be prescribed, [the court by which the defendant is convicted] shall adjudge the defendant removed from office [as well].” Miss.Code Ann. § 25-5-1 (Rev.2006). And the plea hearing held in that court affords the public officer the required opportunity to be heard, to challenge or contest that possible punishment. Hence, the first paragraph of Section 25-5-1 passes constitutional muster only when the court that adjudges the public officer removed from office is the same court that actually convicted the officer of a felony.[9]
¶ 28. If possible, a court should construe statutes so as to render them constitutional rather than unconstitutional. City of Gulfport v. Orange Grove Utilities, Inc., 735 So.2d 1041, 1044 (Miss.1999) (citing Cities of Oxford, Carthage, Louisville, Starkville, and Tupelo v. Ne. Miss. Elec. Power Ass’n, 704 So.2d 59, 65 (Miss.1997)). Were this Court to use Section 25-5-1 to remove DeLaughter in this proceeding, without the proper notice and hearing, we would be violating DeLaughter’s procedural due-process rights, and we necessarily would be interpreting and applying Section 25-5-1 in a manner that makes it unconstitutional. I am unwilling to interpret Section 25-5-1 to require a court of this state to deprive an elected judicial officer of his or her minimum, constitutional due-process protections.
¶ 29. When DeLaughter joined in the Commission’s recommendation to this Court to dismiss his interim suspension, no recommendation for sanctions was made. Thus, neither DeLaughter nor the Commission had any notice, much less a hearing on the subject, that one potential result of these proceedings would be DeLaughter’s removal from office. The Constitution has established a procedure by which this Court may remove a judge from office, a procedure we are duty-bound to follow. Miss. Const, art. 6, § 177A. Therefore, I must dissent from the majority’s sua sponte decision to remove DeLaughter from office as circuit court judge in the absence of a recommendation for any sanctions from the Commission on Judicial Performance and without affording De-Laughter his minimum due-process rights.
DICKINSON, J., JOINS THIS OPINION IN PART.

. The record before us in this proceeding contains DeLaughter's signed plea agreement, in which he pleaded guilty to obstruction charges. Although DeLaughter's conviction and eighteen-month prison sentence have been widely reported in the media, the record before us in this proceeding includes no evidence that the federal court has accepted DeLaughter’s guilty plea or that DeLaughter has, in fact, been convicted of a felony and sentenced therefor. Nonetheless, we may take judicial notice of the proceeding currently before this Court in The Mississippi Bar v. Bobby B. DeLaughter, No. 2009-BD-01903-SCT. The record in that case includes the federal court's Judgment in Criminal Case No. 3:09CR00002-002, filed on November 20, 2009, and signed by Judge Davidson, convicting DeLaughter of the felony charge of attempted obstruction of justice.

. The majority also states that this Court "is not limited in its available constitutional sanctions against a judge when the judge ... resigns from office....” See Maj. Op. at ¶ 10 {citing Miss. Comm'n on Judicial Performance v. Osborne, 16 So.3d 16 (Miss.2009)). The judge in Osborne had resigned before this Court ordered him removed from office. Osborne, 16 So.3d at 25. However, this Court removed the judge from office only upon the recommendation by the Commission. See Id. at 21 (stating the second issue as "Whether Judge Osborne should be removed from office ... as recommended by the Commission") (emphasis added).

. This Court conducts a de novo review of judicial-misconduct proceedings, while affording deference to the Commission's recommendations when the Commission's findings are based on clear and convincing evidence. While we do give great deference to the Commission’s findings, we also are charged to render an independent judgment. In essence, this Court serves as the "the trier of fact,” since we have the sole power to impose sanctions in judicial-misconduct cases. Thompson, 972 So.2d at 585 (internal citations and quotations omitted).

. The majority cites a multitude of cases for the proposition that this Court may remove a judge from office without a specific recommendation for removal by the Commission. See Maj. Op. at ¶ 9. However, in every single one of those cases, the Commission had at least recommended some form of sanctions, and this Court simply exercised its independent authority to increase the sanction and order the judge’s removal from office.

. Similarly, a public officer convicted of a misdemeanor or willful neglect of duty "shall be removed from office, and otherwise punished as may be prescribed by law" by the court that convicts him. See Miss. Const, art. 6, § 175 (1890).

. When such a public officer pleads guilty to a felony in a court of another state, or in a federal court, however, the statute still requires a "court of this state” to be the court that "adjudge[s] the defendant removed from office.” Miss.Code Ann. § 25-5-1 (Rev. 2006). This may be done, pursuant to the United States Constitution, through "any court of this state” giving "full faith and credit” to the conviction of the officer in the court of another state or in a federal court. See U.S. Const, art. IV, § 1. However, it is my opinion that the "court of this state” that adjudges the officer removed from office based on a conviction in another state or in a federal court must still afford the defendant the minimum due-process protections of notice and an opportunity to be heard before removing him or her from office.